IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ALONZO PRATT, #R56815,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:21-cv-01262-SMY |
| | ) |
| **LT. BEBOP,** | ) |
| **WEXFORD HEALTH SERVICES, INC.,** | ) |
| **LANCE T. KORANDO,** | ) |
| **JANE DOE (Nurse),** | ) |
| **DR. SIDDIQUI,** | ) |
| **JOHN DOE 1 (C/O),** | ) |
| **JOHN DOE 2 (C/O),** | ) |
| **JOHN DOE 3 (C/O),** | ) |
| **CARBONDALE MEMORIAL** | ) |
| **HOSPITAL,** | ) |
| **ROLAND J. BARR,** | ) |
| **SSM HEALTH SAINT LOUIS** | ) |
| **UNIVERSITY HOSPITAL,** | ) |
| **CHRISTOPHER LEE, and** | ) |
| **KETAN SHARMA,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Alonzo Pratt, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging deprivations of his constitutional rights while incarcerated at Menard Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 11): Plaintiff asked Lt.

Bebop to move him on more than one occasion because his "cellie was fighting [him]." (Doc. 11, p. 24). Bebop advised Plaintiff he could refuse housing and go to segregation. Plaintiff also asked gallery officer Korando to move him more than once. Korando witnessed Plaintiff's cellmate strike him in the eye and knock him over a box on October 25, 2019. However, Korando wrote a disciplinary report stating he witnessed Plaintiff fall over a box and that he smelled of intoxicants to cover up for Plaintiff's cellmate and his failure to move Plaintiff as requested.

Jane Doe (a nurse) approved Plaintiff for segregation placement and gave him an ice pack for his eye. He told her his "shoulder felt like it was broke" and asked to see a doctor, but she took no further action. (*Id.*, p. 25). While in segregation, he asked John Does 1-3 (all Correctional Officers) to get him medical help, but they took no action.

Dr. Siddiqui failed to call Plaintiff to sick call despite a letter Plaintiff wrote requesting to be seen. Plaintiff filed an emergency grievance after being in pain for three weeks; he was finally called to health care for evaluation and x-rays. X-rays revealed a fracture of the right humeral head with dislocation of the right shoulder. Plaintiff was sent to Carbondale Memorial Hospital where Dr. Roland Barr, an orthopedic surgeon, performed emergency surgery on his shoulder on November 12, 2019. (*Id.* pp. 47-48). His shoulder dislocated again three days later. Plaintiff had no functional use of his right arm and suffered from constant pain.

Plaintiff had a second surgery on his right shoulder on May 22, 2020 performed by Dr. Christopher Lee, another orthopedic surgeon.[1] (*Id.*, pp. 50-53.) He had a postoperative visit with Dr. Lee on June 9, 2020. At that time, Dr. Lee's plan of care was a follow-up visit in four weeks, physical and occupational therapy, and an EMG/NCS to the right upper extremity within the next

---

[1] The medical records show Dr. Christopher Kim performed this surgery. There is no mention of a Dr. Christopher Lee in any of the medical records attached to the Complaint. However, Dr. Lee, and not Dr. Kim, is named as a defendant and Plaintiff attributes the actions of Dr. Kim reflected in the medical records to a Dr. Lee.

two to three weeks.  Dr. Lee sent a letter to Dr. Siddiqui explaining the plan.  (*Id.*, pp. 42-46). However, Dr. Siddiqui did not send Plaintiff out for the follow-up or physical and occupational therapy.  Additionally, Dr. Siddiqui failed to send him to have the hardware removed after six months.

Plaintiff required a third surgery on March 16, 2021 that was performed by Dr. Ketan Sharma, also an orthopedic surgeon.  Following the surgery, the nerves in Plaintiff's hand no longer work, his wrist and forearm no longer work, he cannot use his hand, and he is in constant pain.  His hand is worse than before Dr. Sharma's surgery.

Wexford Health Services, Carbondale Memorial Hospital, and SSM Health Saint Louis University Hospital failed to ensure the doctors and nurses employed by them did not violate the Eight Amendment's prohibition against cruel and unusual punishments.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:[2]

| | |
|---|---|
| Count 1: | Eighth Amendment claim against Bebop and Korando for failing to protect Plaintiff from an assault by his cellmate that occurred on October 25, 2019. |
| Count 2: | Eighth Amendment claim against Jane Doe, John Does 1-3, Dr. Siddiqui, and Wexford Health Services, Inc. for exhibiting deliberate indifference to Plaintiff's serious medical needs as it related to injuries he suffered on October 25, 2019 that went untreated until November 12, 2019. |
| Count 3: | Eighth Amendment claim against Dr. Siddiqui and Wexford Health Services, Inc. for exhibiting deliberate indifference to Plaintiff's serious medical needs regarding complications from the shoulder injury/shoulder surgery and/or denying postoperative care recommended by the surgeon after the surgery on November 12, 2019. |

---

[2] Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

| | |
|---|---|
| Count 4: | Eighth Amendment claim against Dr. Siddiqui and Wexford Health Services, Inc. for exhibiting deliberate indifference to Plaintiff's serious medical needs by denying postoperative care recommended by the surgeon after the surgery on May 22, 2020. |
| Count 5: | Eighth Amendment claim against Dr. Barr and Carbondale Memorial Hospital for exhibiting deliberate indifference to Plaintiff's serious medical needs as it related to the surgery on November 12, 2019 for an injured right shoulder. |
| Count 6: | Eighth Amendment claim against Dr. Lee for exhibiting deliberate indifference to Plaintiff's serious medical needs as it related to the surgery on May 22, 2020 for complications from an injured right shoulder. |
| Count 7: | Eighth Amendment claim against Dr. Sharma and SSM Health Saint Louis University Hospital for exhibiting deliberate indifference to Plaintiff's serious medical needs as it related to the surgery on March 16, 2021 for complications from an injured right shoulder. |

**Preliminary Dismissals**

Plaintiff names as Defendants Wexford Health Services, Inc., Carbondale Memorial Hospital, and SSM Health Saint Louis University Hospital, alleging they failed to ensure the doctors and nurses treating him did not violate the Eighth Amendment. Because the doctrine of *respondeat superior* does not apply to § 1983 actions, a private corporation is not vicariously liable for its employees' alleged deliberate indifference to an individual's serious medical needs. *See Jackson v. Illinois Medi-Car, Inc.,* 300 F.3d 760, 766 (7th Cir. 2002). Accordingly, Wexford Health Services, Inc., Carbondale Memorial Hospital, and SSM Health Saint Louis University Hospital will be dismissed for failure to state a claim.

**Discussion**

**Count 1**

Prison officials have a constitutional duty to "take reasonable measures to guarantee the safety" of prisoners and protect them "from violence at the hands of other prisoners." *Brown v.*

4

*Budz*, 398 F.3d 904, 909 (7th Cir. 2005). To state an Eighth Amendment failure to protect claim, a prisoner must allege that he is incarcerated under conditions posing a substantial risk of serious harm and the defendant acted with deliberate indifference to that risk. *Id*. Awareness of a specific, impending, and substantial threat to the plaintiff's safety is necessary to support a failure to protect claim. *Pope v. Shafer,* 86 F.3d 90,92 (7th Cir. 1996). The allegations in the Complaint are sufficient to proceed on a failure to protect claim in Count 1 against Defendants Bebop and Korando.

### Counts 2 - 7

Prison officials and medical staff violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* The allegations in the Complaint are sufficient to proceed on the claim in Count 2 against Defendants Jane Doe, John Does 1-3, and Dr. Siddiqui and the claims in Counts 3 and 4 against Dr. Siddiqui.

The allegations that Dr. Barr, Dr. Lee, and Dr. Sharma performed surgeries with poor outcomes fail to state a claim because deliberate indifference under the Eighth Amendment does not encompass medical negligence. *See Sherrod v. Lingle*, 223 F.3d 605, 611 (7th Cir. 2000). Because there are no allegations that suggest deliberate indifference, the claims in Counts 5-7 and Dr. Barr, Dr. Lee, and Dr. Sharma will be dismissed.

### Identification of Doe Defendants

The Warden of Menard Correctional Center, in his/her official capacity, will be added to the docket to respond to discovery for the purpose of identifying the Doe Defendants. *See*

*Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Guidelines for discovery will be set by the undersigned. Once the names of the Doe Defendants are discovered, Plaintiff shall file a motion to substitute the newly identified individuals for the Doe Defendants.

### Official Capacity Claims

Plaintiff asserts claims against Defendants in their individual and official capacities. Because he seeks monetary damages, he must bring his claims against the Defendants in their individual capacities only. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005). Accordingly, the official capacity claims are dismissed without prejudice with the exception of the Menard Warden.

### Disposition

Following § 1915A review, the following claims **WILL PROCEED**: Count 1 against Bebop and Korando in their individual capacities; Count 2 against Jane Doe, John Does 1-3, and Dr. Siddiqui in their individual capacities; and Counts 3 and 4 against Dr. Siddiqui in his individual capacity. The following entities, individuals, and claims are **DISMISSED without prejudice**: Wexford Health Services, Inc., Carbondale Memorial Hospital, SSM Health Saint Louis University Hospital, Dr. Barr, Dr. Lee, Dr. Sharma, and Counts 5-7.

The Clerk of Court is **DIRECTED** to **TERMINATE** as parties Wexford Health Services, Inc., Carbondale Memorial Hospital, SSM Health Saint Louis University Hospital, Dr. Barr, Dr. Lee, and Dr. Sharma and **ADD** to the docket the Warden of Menard Correctional Center (official capacity only) to respond to discovery for the purpose of identifying the Doe Defendants.

The Clerk of Court shall **PREPARE** for Bebop, Korando, and Dr. Siddiqui (individual capacities), and the Warden of Menard Correctional Center (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint,

and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the Doe Defendants until such time as Plaintiff has identified them by name in a properly filed motion for substitution of party. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order. As the Warden of Menard Correctional Center is in the case solely for discovery purposes, the Warden need not respond to the Complaint. The Warden only needs to enter an appearance and will receive further instruction on discovery at a later date.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of

Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  April 19, 2023**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**U.S.  District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve the Defendants with a copy of your Complaint.  After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer or other responsive pleading, but it is entirely possible that it will take **90 days** or more.  When Defendants have filed their Answer(s), the Court will enter a Scheduling and Discovery Order containing important information on deadlines, discovery, and procedures. **Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff should not submit any evidence to the Court at this time, unless specifically directed to do so.**